**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IFTEKHAR AHMED,**

        **Plaintiff,**

   **v.**

**ALEJANDRA MAYORKAS et al.,**

       **Defendants.**
_____

        **1:21-cv-362**
        **(GLS/DJS)**

| APPEARANCES: | OF COUNSEL: |
|---|---|

**FOR THE PLAINTIFF:**
Iftekhar Ahmed
*Pro Se*
1568 State Street
Schenectady, NY 12304

| **FOR THE DEFENDANTS:** | |
|---|---|
| HON. CARLA B. FREEDMAN | CHRISTOPHER ROBERT |
| United States Attorney | MORAN |
| 445 Broadway | Assistant U.S. Attorney |
| Room 218 | |
| Albany, NY 12207 | |

**Gary L. Sharpe**
**Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

   Plaintiff *pro se* Iftekhar Ahmed seeks judicial review of the denial of

his naturalization application pursuant to 8 U.S.C. § 1421(c).  (Compl., Dkt.

No. 1.)  Defendants Alejandra Mayorkas and an unnamed District Director of U.S. Citizenship and Immigration Service (USCIS) (hereinafter, collectively referred to as "USCIS") have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (Dkt. No. 12, Attach. 1 at 1.)  For the reasons that follow, USCIS's motion is granted.[1]

## II.  Background

**A.    Facts**[2]

Ahmed, a native of Bangladesh, was ordered removed from the United States on February 2, 2000 by an Immigration Judge.  (Dkt. No. 1 ¶¶ 10-11.)  Ahmed did not leave the United States until June 20, 2005.  (*Id*. ¶ 12.)  On April 17, 2014, eight years and nine months after Ahmed was removed from the U.S., Ahmed was "lawfully admitted for permanent residence" pursuant to an approved Form I-130 Petition for Alien Relative filed by his daughter, a United States citizen.  (*Id*. ¶¶ 10, 13.)  In 2019, Ahmed filed a Form N-400 Application for Naturalization, which was

---

[1]  In a letter motion, USCIS also "requests that the [c]ourt disregard" Ahmed's surreply, (Dkt. No. 22), which the court construes as a motion to strike.  For the reasons articulated by USCIS, the letter motion, (*id.*), is granted and the unpermitted surreply, (Dkt. No. 21), is stricken.

[2]  Consistent with the standard of review, the facts are drawn from Ahmed's complaint, (Dkt. No. 1), and presented in the light most favorable to him.

"erroneously" denied by USCIS because Ahmed failed to receive the

proper documentation, an approved Form I-212, required to reenter the

United States before the passage of ten years from his removal.  (*Id*. ¶¶

15, 17,19.)  Subsequently, Ahmed filed a Form N-336 "Request for a

Hearing on a Decision in Naturalization Proceedings," which was also

denied by USCIS.  (*Id*. ¶ 16.)  On December 7, 2020, USCIS affirmed its

denial of Ahmed's application.  (Dkt. No. 1, Attach 1 at 39-40.[3])

### III.  Standard of Review

USCIS has moved to dismiss under both Rules 12(b)(1) and 12(b)(6).

(Dkt. No. 12.)  Where a party has moved for dismissal under Rule 12(b)(1)

as well as under Rule 12(b)(6), the court must first consider the Rule

12(b)(1) motion.[4]  *See United States ex rel. Kreindler & Kreindler v. United*

---

[3]  Where page numbers are generated by CM/ECF, the Court's electronic filing system, citations to filings refer to these generated page numbers.

[4]  Among several other statutes, Ahmed invokes the court's jurisdiction under the Administrative Procedure Act (APA), 5 U.S.C. § 701, the Declaratory Judgment Act, 28 U.S.C. § 2201, and 28 U.S.C. § 1361.  (Compl. ¶¶ 4-7.)  USCIS seeks dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1) because Ahmed's exclusive remedy is under 8 U.S.C. § 1421(c).  (Dkt. No. 12, Attach. 1 at 12-13.)  The APA provides for judicial review of a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704. Similarly, the issuance of a writ of mandamus pursuant to 28 U.S.C. § 1361 is only applicable when other available remedies have been exhausted.  *See Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288, 292 (2d Cir. 2009)  Accordingly, any claims Ahmed raised pursuant to the APA or 28 U.S.C. § 1361 are dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).  As to Ahmed's reference to the Declaratory Judgment Act, this is not an independent source of federal jurisdiction but rather a type of remedy sought if the requisites for jurisdiction are met.  *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  As

*Techs. Corp.*, 985 F.2d 1148, 1155-56 (2d Cir. 1993) (citations omitted). Whether considering a motion under Rule 12(b)(1) or 12(b)(6), the court accepts as true all material factual allegations in the complaint. *See Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Dismissal under Rule 12(b)(1) is proper where the court is without statutory or constitutional authority to decide a case. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

---

such, because Ahmed has an independent source of jurisdiction under Section 1421(c), his claim for declaratory relief cannot be dismissed under Fed. R. Civ. P. 12(b)(1). *See Klene v. Napolitano,* 697 F.3d 666, 669 (7th Cir. 2012) (finding that under Section 1421(c), the district court has the power to enter a declaratory judgment that the alien is entitled to naturalization).

## IV.  Discussion

**A.   Ahmed's Eligibility for Naturalization**

USCIS argues that dismissal is proper because Ahmed incorrectly relies on 8 C.F.R. § 212.2, misconstrues 8 U.S.C. § 1182(a)(9)(A)(ii)(I), which bars reentry to the United States within ten years of a prior removal, and has not alleged facts showing he was absent from the United States for ten years.  (Dkt. No. 12, Attach. 1 at 6-7.)  USCIS further argues that this ten-year period applies to Ahmed because he is a  previously removed alien who "has been ordered removed under. . . any. . . provision of law" pursuant to 8 U.S.C. § 1182(a)(9)(A)(ii)(I), and because he accrued more than one year of unlawful presence between when he was ordered removed in 2000 and when he was removed on June 28, 2005.  (*Id*. at 6-7.)  Finally, USCIS also contends that even though Ahmed was allowed to enter the United States as a lawful permanent resident in April 2014, he was admitted in error and has failed to show he met all of the substantive requirements for lawful permanent resident status.  (Dkt. No. 12, Attach. 1 at 8.)

Ahmed asserts that USCIS wrongfully denied his naturalization application because 8 C.F.R. § 212.2 only bars readmission within five

5

years of a prior removal and Ahmed reentered the United States over eight years after his 2005 removal.  (Compl. ¶ 14.)  Ahmed also contends that because he was "lawfully admitted for permanent residence" in April 2014 through the Form I-130, the requirement that he have an approved Form I-212 before entering the United States was waived, and as such USCIS wrongfully denied his application.  (Compl. ¶ 5.)

A person whose naturalization application is denied by USCIS "may seek review of such denial before the United States district court for the district in which such person resides."  8 U.S.C. § 1421(c).  District courts considering an application for such review "shall make its own findings of fact and conclusions of law and shall, at the request of [the plaintiff], conduct a hearing[5] de novo on the application."  8 U.S.C. 1421(c); *Boatswain v. Gonzales*, 414 F.3d 413, 415 n.2 (2d Cir. 2005).

A prerequisite to naturalization is that the applicant must reside

---

[5]  Because the review of naturalization proceedings is subject to the Federal Rules of Civil Procedure, the court need not conduct an evidentiary hearing where there are no disputed issues of material fact.  *See Chan v. Gantner*, 464 F.3d 289, 295-96 (2d Cir. 2006); *see also Almareh v. Mayorkas*, 20-CV-11024 2021 WL 4896180, at *2 (S.D.N.Y. Oct. 20, 2011).  Even though Ahmed has not requested a hearing, Ahmed's complaint appears to take issue only with USCIS's interpretation of the relevant immigration statutes and there appear to be no disputed issues of fact, and thus, the court need not conduct a hearing even if he had made such request.

continuously in the United States for at least five years after being lawfully admitted for permanent residence.  *See* 8 U.S.C. § 1427(a).  "'Lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States . . . in accordance with the immigration laws."  8 U.S.C. § 1101(a)(20).  In order to be lawfully admitted for permanent residence, an alien must show he complied with all substantive legal requirements for this status, not just the procedural requirements.  *See De La Rosa v. U.S. Dep't. Of Homeland Sec.*, 489 F.3d 551, 553 (2d Cir. 2007).

When applying for naturalization, "the burden is on the alien applicant to show his eligibility for citizenship in every respect."  *Berenyi v. Dist. Dir. Immigr. & Naturalization Serv.*, 385 U.S. 630, 637 (1967); *See* 8 U.S.C. § 1429.  Under the Immigration and Nationality Act, "[a]ny alien who has been ordered removed . . . upon the alien's arrival in the United States and who again seeks admission within 5 years of the date of such removal" is inadmissible.  8 U.S.C. § 1182(a)(9)(A)(i).  Any alien "who has been ordered removed under . . . any . . . provision of law . . . and who seeks admission within 10 years of the date of such alien's departure or removal is inadmissible."  8 U.S.C.  § 1182(a)(9)(A)(ii)(I).  The ten-year period also

applies to any alien who has been unlawfully present in the United States for one year or more.  *See Id*. § 1182(a)(9)(B)(i)(II).

Turning first to Ahmed's reliance on 8 C.F.R. § 212.2, USCIS's interpretation is correct.  While Ahmed argues that he is only subject to the five-year period pursuant to 8 C.F.R. § 212.2, his reliance is misguided, as 8 C.F.R. § 212.2 does not operate as a waiver of the ten-year period of inadmissability under 8 U.S.C. § 1182(a)(9).  *See Delgado v. Mukasey*, 516 F.3d 65, 72 (2d. Cir. 2008) (citing *In Re Torres-Garcia*, 23 I. & N. Dec. 866, 874 (B.I.A. 2006) (finding that the language, structure, and regulatory history of 8 C.F.R. § 212.2 make clear that the regulation does not correspond to any provision of the current 8 U.S.C. § 1182(a)(9)).  Thus, Ahmed's reliance on 8 C.F.R. § 212.2 is misplaced.

The court is also not persuaded by Ahmed's arguments regarding his admissibility under 8 U.S.C. § 1182(a)(9)(A)(ii)(I) and (B)(i)(II).  Ahmed asserts that USCIS denied his application based on an erroneous interpretation of § 1182(a)(9)(A)(ii)(I).  (Compl. ¶ 17.)  In his complaint, Ahmed admits that he was ordered removed on February 2, 2000 by an Immigration Judge and was removed on June 20, 2005.  (*Id*. ¶¶ 11-12)  Ahmed also states that he remained outside of the United States for

"[eight] years [nine] months and [twenty-one] days" before re-entering.  (*Id.*
¶ 13).  Here, by Ahmed's own factual allegations in the complaint, he was
required to stay outside the United States for ten years.  With respect to
§ 1182(a)(9)(A)(ii)(I), Ahmed was ordered removed, and, as such, the ten-
year period applies.[6]  As for § 1182(a)(9)(B)(i)(II), Ahmed remained in the
United States for over five years from the date his removal was ordered to
when he was removed, rendering him "unlawfully present in the United
States for one year or more," and thus, required him to wait ten years
before reentering.

Finally, the court rejects Ahmed's argument regarding waiver.
Ahmed has failed to demonstrate that he complied with the substantive
legal requirements to be lawfully admitted for permanent residence
because he was required to remain outside the United States for ten years
before entering and he did not.  Although the complaint does not specify
why Ahmed was lawfully admitted for permanent residence on April 17,
2017, he did not comply with the substantive requirements for lawful

---

[6]  Ahmed argues that the order of removal from February 2000 was entered *in absentia*, which would bar his entry for five years from his removal.  (Dkt. No. 16 at 10.)  This argument does not change the fact that he remained unlawfully present in the United States from February 2, 2000 to June 20, 2005 — a period exceeding one year — and was required to remain outside the United States for ten years.  *See* 8 U.S.C. § 1182(a)(9)(B)(i)(II).

permanent status because he he did not meet the requirements for such status when he entered the United States in 2014, before the passage of ten years.  *See* 8 U.S.C. §§ 1101(a)(20), 1182(a)(9)(A).

**B.    Ahmed's Fifth Amendment Claim**

Ahmed also invokes the Fifth Amendment to the United States Constitution.  (Compl. ¶ 9.)  Ahmed makes only one assertion regarding the Fifth Amendment and he does not specify which aspect of the Fifth Amendment is at issue.  (*Id*.)  While USCIS does not address this claim in detail, they state that "the Fifth Amendment implications from this set of facts are unclear."  (Dkt. No. 12, Attach. 1 at 12 n.26.)

Assuming that Ahmed is invoking the Due Process Clause, to state a viable due process claim under the Fifth Amendment, a plaintiff must first identify a protected property or liberty interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 571 (1972).  Given such an interest, "a court must then consider whether the government deprived the plaintiff of that interest without due process." *Narumanchi v. Bd. of Trs*., 850 F.2d 70, 72 (2d Cir.1988).

Ahmed's Fifth Amendment claim is unclear.  In the context of a due process claim, Ahmed has not alleged what protected interest was

10

violated, nor whether this occurred without due process of law.  The court

cannot decipher any claim under the Fifth Amendment, even when

construing the alleged facts in the light most favorable to Ahmed, and thus,

Ahmed's Fifth Amendment claim must be dismissed under Fed. R. Civ. P.

12(b)(6).

**C.**   **Leave to Amend**

In all cases "[t]he court should freely give leave [to amend] when

justice so requires," Fed. R. Civ. P. 15(a)(2), and "a pro se litigant in

particular should be afforded every reasonable opportunity to demonstrate

that []he has a valid claim."  *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)

(internal quotation marks and citations omitted).  Specifically, a pro se

complaint "should not [be] dismiss[ed] without granting [the plaintiff] leave

to amend at least once when a liberal reading of the complaint gives any

indication that a valid claim might be stated."  *Shomo v. City of New York*,

579 F.3d 176, 183 (2d Cir. 2009) (citation omitted).  However, the court

need not extend an opportunity to amend where "[t]he problem with [a

plaintiff's] causes of action is substantive" such that "better pleading will

not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Because Ahmed is a *pro se* litigant, he is afforded an opportunity to

11

amend his complaint, but only with respect to his claims raised pursuant to 8 U.S.C. § 1421(c) and the Fifth Amendment.  With respect to any other claims Ahmed raised in his complaint — 5 U.S.C. § 701 and 28 U.S.C. § 1361 — those have been dismissed with prejudice for lack of subject matter jurisdiction and, here, better pleading would not cure the defect.

Ahmed may file an amended complaint within thirty days of the date of this Memorandum-Decision and Order.  The court would caution Ahmed that, because the facts as alleged do not support his position that he was required to stay outside the of United States for five years, rather than ten, should Ahmed wish to pursue a claim pursuant to 8 U.S.C. § 1421(c) in his amended complaint, he should allege facts, if any exist, sufficient to demonstrate that the ten-year period does not apply to him.  If Ahmed raises a Fifth Amendment claim in his amended complaint, he must articulate which Fifth Amendment rights were violated as well as facts sufficient to support a prima facie case under the Fifth Amendment.  The amended complaint must be a complete and fully-integrated pleading. Ahmed must state all of his claims in the new pleading and may not rely upon or incorporate by reference any part of his original complaint.

### V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that USCIS's letter motion seeking to strike the surreply (Dkt. No. 22) is **GRANTED** and Ahmed's surreply (Dkt. No. 21) is **STRICKEN**; and it is further

**ORDERED** that USCIS's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Ahmed's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that Ahmed may file an amended complaint, consistent with this Memorandum-Decision and Order, within thirty (30) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that, if no amended complaint is filed, the Clerk shall close this case without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 18, 2022
Albany, New York

Gary L. Sharpe
U.S. District Judge

13