**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**IFTEKHAR AHMED,**

            **Plaintiff,**

         **v.**

**ALEJANDRA MAYORKAS,**

            **Defendant.**
_____

**1:21-cv-362**
**(GLS/DJS)**

## SUMMARY ORDER

Pro se plaintiff Iftekhar Ahmed brought this action seeking judicial review of the denial of his naturalization application pursuant to 8 U.S.C. § 1421(c).  (Compl., Dkt. No. 1.)  Thereafter, defendants Alejandra Mayorkas, Director of U.S. Citizenship and Immigration Service (USCIS), UR M. Jaddou, and Center Director of USCIS Gwynne Dinolfo, moved to dismiss the complaint.  (Dkt. No. 12.)  In May 2022, the court granted the motion to dismiss but gave Ahmed leave to amend.  (Dkt. No. 24.)  Ahmed filed an amended complaint, (Am. Compl., Dkt. No. 27), and defendants, again, moved to dismiss the amended complaint.  (Dkt. No. 32).  In a March 2023 Summary Order (hereinafter "the March Order"), the court granted defendants' motion to dismiss the amended complaint.  (Dkt. No.

38.) Now pending before the court is Ahmed's motion for reconsideration of the March Order. (Dkt. No. 40.) For the reasons that follow, Ahmed's motion is denied.

Familiarity with the underlying facts is presumed and, therefore, the facts will be repeated only as relevant. For a full recitation of those facts, the parties are referred to the March Order. (Dkt. No. 38 at 2-3.)

Ahmed argues that the court erred in granting defendants' motion to dismiss because the ten-year period of inadmissability does not apply to him due to the fact that, among other things, he was ordered removed in absentia and he did not accumulate more than one year of unlawful presence because he had previously been admitted to the United States pursuant to a "B1/B2 visa." (Dkt. No. 40 at 2, 4.) Additionally, Ahmed contends that because he returned to the United States pursuant to an approved Form I-130 and immigrant visa, any bars on his admissibility were waived by defendants. (*Id.* at 3, 14-20.) Defendants opposed the motion, arguing that Ahmed has not met the stringent standard for a reconsideration motion, and he is simply seeking to re-litigate issues already considered and ruled upon by the court. (Dkt. No. 41 at 1.)

Motions for reconsideration proceed in the Northern District of New

2

York under Local Rule 60.1 (formerly Rule 7.1(g)).[1]  "In order to prevail on a motion for reconsideration, the movant must satisfy stringent requirements."  *In re C-TC 9th Ave. P'ship v. Norton Co.*, 182 B.R. 1, 2 (N.D.N.Y. 1995).  Such motions "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  The prevailing rule "recognizes only three possible grounds upon which motions for reconsideration may be granted; they are (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear

---

[1] Northern District of New York Local Rule 60.1 provides:

> Unless otherwise provided by the Court, by statute or rule . . . , a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree. All motions for reconsideration shall conform with the requirements set forth in L.R. 7.1(a)(1) and (2). The briefing schedule and return date applicable to motions for reconsideration shall conform to L.R. 7.1(a). . . . The Court will decide motions for reconsideration or reargument on submission of the papers, without oral argument, unless the Court directs otherwise.

3

error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. at 3 (citation omitted). "[A] motion to reconsider should not be granted where the moving party seeks solely to re[-]litigate an issue already decided." *Shrader*, 70 F.3d at 257.

Here, Ahmed fails to point to any change in controlling law, new evidence, clear error, or manifest injustice that would compel the court to reconsider its decision. Additionally, the grounds for reconsideration that Ahmed raises merely seek to re-litigate the same issues already decided by this court. (Dkt. No. 38.) Having failed to demonstrate any of the avenues for reconsideration, Ahmed's motion is denied.

Accordingly, it is hereby

**ORDERED** that Ahmed's motion for reconsideration (Dkt. No. 40) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

April 13, 2023
Albany, New York

Gary L. Sharpe
U.S. District Judge

4