UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

IFTEKHAR AHMED,

                Plaintiff,

  -against-                                          1:21-CV-362 (LEK/DJS)

ALEJANDRO MAYORKAS, *et al.*,

                Defendants.

## **<u>DECISION AND ORDER</u>**

Plaintiff Iftekhar Ahmed brought this pro se action on March 30, 2021, seeking review of the denial of his naturalization application pursuant to 8 U.S.C. § 1421(c). Dkt. No. 1. Plaintiff subsequently filed an amended complaint on June 13, 2022. Dkt. No. 27 ("Amended Complaint"). On March 2, 2023, the Honorable Gary L. Sharpe, United States District Judge, dismissed the Amended Complaint. Dkt. No. 38 ("March 2023 Order"). This action was reassigned to this Court on February 20, 2024. Dkt. No. 44. Plaintiff now moves for reconsideration of the March 2023 Order pursuant to Federal Rules of Civil Procedure 60(b). Dkt. No. 43 ("Motion"). The Government opposes the Motion. Dkt. No. 45.

"In order to prevail [on a motion for reconsideration], the moving party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." <u>Lichtenberg v. Besicorp Grp. Inc.</u>, 28 F. App'x 73, 75 (2d Cir. 2002) (cleaned-up). "[A] motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a "second bite at the apple."'" <u>Sass v. MTA Bus Co.</u>, 6 F. Supp. 3d 238, 244 (E.D.N.Y. 2014) (quoting <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012)). "The

1

Northern District of New York recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." <u>United States v. Pearson</u>, No. 04-CR-340, 2014 WL 12845368, at *1 (N.D.N.Y. Oct. 1, 2014) (cleaned up).

Here, Plaintiff has not shown that any circumstances have changed since the March 2023 Order, or the need to correct clear error to prevent manifest injustice. Instead, Plaintiff's Motion largely rehashes the same arguments that Plaintiff made in his briefing for the March 2023 Order. <u>Compare</u> Mot. at 2–24, <u>with</u> Dkt. No. 36 at 2–21. This does not provide the Court with grounds to grant a motion for reconsideration.

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion, Dkt. No. 43, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 24, 2024
           Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge